Citation Nr: 1532778 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 10-17 663 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in Waco, Texas


THE ISSUE

Entitlement to special monthly compensation based on the loss of use of the left hand. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

J. T. Hutcheson, Counsel



INTRODUCTION

The Veteran is the appellant in the instant appeal. He had active service from August 1987 to July 1990. 

This matter came before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision of the Waco, Texas, Regional Office (RO) which denied both service connection for loss of use of the left hand and special monthly compensation based on the loss of use of the left hand. In November 2012, the Board granted service connection for left wrist scar residuals and remanded the issues of service connection for a left wrist, hand, and thumb disorder and special monthly compensation based on the loss of use of the left hand to the RO for additional action. In August 2014, the Board remanded the Veteran's appeal to the RO for additional action. 

In February 2015, the Appeals Management Center (AMC) granted service connection for left radial wrist laceration residuals; assigned a 50 percent evaluation for that disability; granted service connection for left thumb ankylosis; assigned a 10 percent evaluation for that disability; increased the evaluation for the Veteran's left wrist scar residuals from noncompensable to 10 percent; and effectuated the awards as of April 24, 2009. The Board has reviewed both the Veterans Benefit Management System (VBMS) and the "Virtual VA" files. This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of the Veteran's appeal should take into consideration the existence of this electronic record. 

The Veteran's appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required. 


REMAND

In a February 2015 written statement, the Veteran conveyed that "they are talking about another surgery to repair my hand (scary)" and "[i]f the second surgery is like the first one; God bless me." This statement suggests the condition may have worsened in severity and are pertinent to the claim. Clinical documentation of the cited treatment, including a left hand surgical procedure, is not of record. VA clinical documentation dated after December 2014 is not of record. 

VA should obtain all relevant VA and private treatment records which could potentially be helpful in resolving the Veteran's claim. See Murphy v. Derwinski, 1 Vet. App. 78, 81-82 (1990); Bell v. Derwinski, 2 Vet. App. 611 (1992). 

If the Veteran is found to have undergone a post-December 2014 left hand surgical procedure, he should be afforded further VA examination in order to determine his post-operative left hand disability picture. VA's duty to assist includes, in appropriate cases, the duty to conduct a thorough and contemporaneous medical examination which is accurate and fully descriptive. McLendon v. Nicholson, 20 Vet. App. 79 (2006); Green v. Derwinski, 1 Vet. App. 121, 124 (1991). 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he provide information as to all treatment, including surgical procedures, of his service-connected left upper extremity disabilities after December 2014, including the names and addresses of all health care providers whose records have not already been provided to VA. Upon receipt of the requested information and the appropriate releases, the RO should contact all identified health care providers and request that they forward copies of all available clinical documentation pertaining to treatment of the Veteran, not already of record, for incorporation into the record. 

If the identified documentation is not ultimately obtained, the Veteran should be notified pursuant to 338 C.F.R. § 3.159(e) (2014). 

2. Associate with the record any VA clinical documentation pertaining to the treatment of the Veteran not already of record, including that provided after December 2014. 

3. If he has undergone any left upper extremity surgical procedures after December 2014, then schedule the Veteran for a VA examination for compensation purposes in order to determine whether he exhibits findings consistent with a loss of use of the left hand. All indicated tests and studies should be accomplished and the findings then reported in detail. 

All relevant medical records must be made available to the examiner for review of pertinent documents therein. The examination report should specifically state that such a review was conducted. A rationale for all opinions should be provided. 

4. Then readjudicate the issue of special monthly compensation based on loss of use of the left hand. If the benefit sought on appeal remains denied, the Veteran should be provided a supplemental statement of the case (SSOC) which addresses all relevant actions taken on the Veteran's claim for benefits, to include a summary of the evidence considered, since the issuance of the last SSOC. An appropriate period of time should be allowed for response before the case is returned to the Board. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). 

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014). 



_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).